# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

**LLOYD VAN SHAWN DOWNING,**

    Petitioner,

v.                                                                                  Case No.: 2:10cv413

**GENE M. JOHNSON,**
Director, Virginia Department of Corrections

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition is procedurally time barred, the undersigned recommends it be dismissed.

## I. STATEMENT OF THE CASE

On January 22, 2004, in the Circuit Court for Accomack County, petitioner Lloyd Van Shawn Downing ("petitioner" or "Downing") pleaded guilty to charges of robbery, aggravated malicious wounding and use of a firearm in the commission of a felony. (ECF No.1, at 1). On July 29, 2004, according to Downing's petition, the court sentenced Downing to life imprisonment plus an additional 28 years.[1] (ECF No. 1, at 1).

---

[1] The transcript of Downing's sentencing, attached to his petition, indicates that Downing was sentenced to life imprisonment for the armed robbery offense, plus twenty years of incarceration for the malicious wounding offense and five years of imprisonment for the firearm offense, all to be served consecutively. (ECF No.1, Attach. 3, at 1-2).

Downing appealed his conviction directly to the Virginia Court of Appeals, arguing that the court's sentences, which exceeded the guidelines in Downing's pre-sentence report, were excessive. On January 28, 2005, the Virginia Court of Appeals denied Downing's petition, finding that the sentence imposed by the trial judge was within the range set by the legislature. Downing v. Commonwealth, Record No. 1950-04-1 (Va. Ct. App. Jan. 28, 2005). A subsequent petition to the Supreme Court of Virginia, arguing both excessive sentence and a lack of jurisdiction on the part of the trial judge to impose such a sentence, was refused. Downing v. Commonwealth, Record No. 050450 (Va. June 28, 2005). Downing did not file a direct appeal with the United States Supreme Court.

On July 11, 2006, Downing filed a writ of habeas corpus with the Circuit Court for Accomack County, alleging error on the part of the trial judge and ineffective assistance of counsel both during trial and on his direct appeal. The court denied the petition on October 24, 2006. Downing v. Kelly, Case No. 06CL257 (Oct. 24, 2006). Downing subsequently appealed the Circuit Court's denial to the Supreme Court of Virginia, which refused his appeal on July 19, 2007. Downing v. Kelly, Record No. 070573 (Va. July 19, 2007).

On August 5, 2010, Downing, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Downing's federal petition reprises both the excessive punishment claim raised in his direct appeals, and the ineffective assistance of counsel claim raised in his state habeas proceedings. (ECF No.1, at 8-10). The federal petition further claims that, because Downing's trial attorney indicated before sentencing that his sentence was unlikely to exceed the guidelines significantly, Downing's guilty plea was "[i]nvoluntary, unintelligent, and unknowing." (ECF No.1, at 11). Finally, Downing raises one ground not mentioned in any prior appeals. He claims that the investigator who arrested Downing increased

the severity of the charges against Downing because he was uncooperative and exercised his right to not speak without counsel present. (ECF No.1, at 6).

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

An individual in custody pursuant to a state court judgment has one year, following conviction, to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins on the date the state-level conviction becomes "final," after all avenues for direct review are foreclosed either by conclusion of the direct review process, or by the expiration of the time for seeking direct review. 28 U.S.C. § 2444(d)(1)(A); see e.g., Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001). The one-year period is tolled during any period when collateral review is pending in state court. 28 U.S.C. § 2444(d)(2). The statute is also tolled during any period when filing a habeas petition is prevented by some unlawful or unconstitutional state action; when a new, relevant constitutional right is recognized by the Supreme Court; or when the factual predicate of the habeas claim was previously unknown to the defendant. 28 U.S.C. §§ 2244(d)(1)(B)-(D). None of those factors are either alleged or present here. As such, the one-year limitation period for Downing to file a federal habeas claim began when his conviction became final. 28 U.S.C. § 2444(d)(1)(A).

Downing's direct appeal to the Supreme Court of Virginia was denied on June 28, 2005, after which he had ninety days, until September 26, 2005, to appeal to the United States Supreme Court. When that date passed without further appeal, the conviction became final. See Harris v. Hutchinson, 209 F.3d 325, 328 n. 1 (4th Cir. 2000). Consequently, the one-year period for Downing to file a federal habeas petition began on September 26, 2005.

On June 11, 2006 – 258 days after the limitation period began to run – Downing filed a state habeas petition. Between the filing of his state habeas petition and the ultimate dismissal of

the petition by the Supreme Court of Virginia on July 19, 2007, the federal limitation period was tolled. See 28 U.S.C. § 2244(d)(2). After that dismissal, the limitation period resumed, with 107 days remaining. Thus, the one-year limitation period during which Downing could file a federal habeas petition expired on November 3, 2007. The present federal habeas petition was filed on August 5, 2010, almost three full years after the one-year limitation period ended. As such, Downing's petition is statutorily barred. 28 U.S.C. § 2244(d)(1).

While the one-year bar is subject to equitable tolling, such relief is only appropriate when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, U.S., 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is reserved for rare instances where, "due to circumstances external to the party's own conduct," enforcing the bar would be "unconscionable," and where "gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Downing cannot credibly claim a right to equitable tolling. The primary reason Downing offers for his untimely petition is that he was unaware of the one-year limitation period, a circumstance that falls squarely within Downing's personal control, and one that is far from extraordinary. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se prisoner's ignorance of the law is no basis for equitable tolling); United States v. Petty, 540 F.3d 361 (5th Cir. 2008) (finding that pro se petitioner's lack of legal training and ignorance of law are not extraordinary circumstances and thus cannot be grounds for equitable tolling); Pearson v. North Carolina, 130 F.Supp. 2d 742, 744 (W.D.N.C. 2001) ("Petitioner's ignorance of the proper calculation of the period of limitation does not warrant equitable tolling."). Despite Downing's conclusory claim of diligence, there is no basis to equitably toll the limitation period.

Finally, while Downing does not explicitly raise the issue to excuse his untimely petition, he states that he did not earlier pursue one ground of habeas relief addressed in his federal petition because he did not receive copies of his indictment and arrest warrants until November 23, 2009. Downing alleges that, due to "vindictive" motivations of the investigating officer, Downing was ultimately indicted for more serious charges than the crimes reflected in the original arrest warrant. (ECF No. 1, at 5). Downing claims that he was unable to raise this issue in any of his prior state court proceedings because he did not have access to his indictment and arrest warrants which, despite numerous requests, were not provided.

These documents are not new predicate facts which could effectively stay the start of the limitation period, most obviously because the facts of Downing's indictment and arrest warrants are hardly new. See Wade v. Robinson, 327 F.3d 328, 333 (4th Cir.2003) (finding that the limitation period was triggered on the date that the inmate could have discovered factual predicate of the claim); see also Bell v. Herbert, 476 F.Supp.2d 235, 241-42 (W.D.N.Y.2007) (holding that investigative documents that had been available to defense counsel prior to trial could not be deemed newly discovered evidence for purposes of avoiding an untimely federal habeas petition). Downing acknowledges being aware of both the indicted charges and the crimes listed in the initial arrest warrant. Moreover, according to his own narrative of a bail hearing in which the difference in charges was discussed, the latest date Downing could have been made aware of the factual predicate of this claim was April 30, 2003. (ECF No. 1-1, at 1). Consequently, Downing's receipt of documents simply confirming a fact known to him, and a critical part of his trial record, cannot extend the limitation for this claim under 28 U.S.C. § 2244 (d)(1)(D). Downing's petition is therefore time-barred.

## III. RECOMMENDATION

Because Downing's claims are time-barred, and he has presented no factual basis to conclude that equitable tolling would be appropriate, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Downing's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Order to the Petitioner and to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 4, 2011